STOKER, Judge.
Plaintiff brought this suit alleging she was damaged by the defendant and others in the clearing of a right of way which crosses her property. The trial court found for the defendants and we affirm.
The case presents a factual matter only. A string of lots run side by side in a westerly direction from Louisiana Highway 341 in St. Martin Parish, Louisiana. The lots were created as a result of a partition. *1293 For access a servitude fifty-feet in width was provided across the northerly side of the lots. Plaintiff Latiolais and defendant Tauzin owned interior lots. In clearing the right of way with a bulldozer, plaintiff claims Tauzin and Jules Angelle, who was engaged by Tauzin to do the work, destroyed fences, trees and shrubs on plaintiff’s property not lying in the right of way. She also claims the drainage was disturbed. In written reasons for judgment, the trial court held that plaintiff simply failed to prove her case. (We attach a copy of the written reasons for judgment which do not form a part of this opinion and are not designated for publication.)
Our review of the evidence discloses that the trial judge’s findings of fact are correct. Although the brief recitation given above essentially summarizes the matter at issue, we will answer plaintiff’s specific assignments of error, three in number.
The first error plaintiff assigns is the claim that the trial court erred in not granting a summary judgment in her favor “since the overwhelming evidence was in favor of plaintiff.” Needless to say, this was not true because plaintiff lost on the factual issue at trial. However, plaintiff seems to suggest that on a motion for summary judgment the preponderance of evidence rule should be applied. No discussion of the law is required to establish that this is simply not so.
The second assignment of error is that the trial court erred “in not adjudging that plaintiff had demonstrated her damages by a preponderance of the evidence.” This assignment relates to the merits of the case in which the preponderance of evidence rule does apply. In that regard plaintiff must show that the trial court was manifestly erroneous, that he was clearly wrong. We find no error in the trial court’s finding of fact.
Finally, plaintiff urges that the trial court erred in failing to reopen the case for additional testimony or failing to grant a new trial for reception of alleged newly discovered evidence. The evidence referred to consists of testimony which would be given by Dora Richard Castille, the plaintiff’s sister. The testimony of this witness was obviously available to plaintiff at the time of trial and would not qualify as newly discovered evidence. However, a reading of Mrs. Castille’s affidavit does not convince us that it would change the trial court’s decision.
For the foregoing reasons, the judgment of the trial court dismissing plaintiff’s suit is affirmed at her costs.
AFFIRMED.